**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4097**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN NOWELL, a/k/a Occoquan Club,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cr-00188-CMH-1)

Submitted:  October 28, 2019                    Decided:  November 13, 2019

Before KEENAN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James W. Hundley, Amy L. Bradley, BRIGLIA HUNDLEY, PC, Tysons Corner, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Maureen Cain, Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Steven Nowell of two counts of sex trafficking of a minor, 18 U.S.C. § 1591(a)(1), (b)(2), (c) (2012). Pursuant to Fed. R. Crim. P. 33, Nowell moved for a new trial based on ineffective assistance of trial counsel. After an evidentiary hearing, the district court denied the motion. Nowell timely appealed. We affirm.

Rule 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Claims of ineffective assistance of counsel may be brought as the basis for a motion for new trial under Rule 33. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000). "Although generally not raised in the district court nor preserved for review on appeal, ineffective assistance claims asserted in motions under Rule 33—and ruled on by the district court—may be considered on direct appeal." *Id.* We review the denial of such a motion for abuse of discretion. *Id.* Rule 33 motions alleging ineffective assistance of counsel "must satisfy the two-pronged test articulated by the Supreme Court in *Strickland v. Washington*, [466 U.S. 668, 687 (1984)]." *Russell*, 221 F.3d at 620. The movant must show, first, that counsel's performance was objectively unreasonable in "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In scrutinizing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Second, the movant must show that his defense was prejudiced by counsel's deficient performance. *Id*. at 687. To demonstrate prejudice, the movant must show "a reasonable probability that,

2

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a movant "must demonstrate that but for counsel's errors, there is a reasonable probability that he would not have been convicted." *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Where, as here, the district court conducts an evidentiary hearing prior to ruling, its findings of fact are reviewed for clear error. *United States v. Stitt*, 552 F.3d 345, 350 (4th Cir. 2008).

With these standards in mind, we have reviewed the record and the parties' briefs and conclude that the district court did not abuse its discretion in denying Nowell's Rule 33 motion for a new trial. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*